NO. 07-11-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 11, 2012

_____

TOMADERICK ROBINSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2010-463,563; HONORABLE MARK HOCKER, PRESIDING

_____

***DISMISSAL***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Tomaderick Robinson (appellant) filed a notice of appeal from his conviction for giving a false identity to a police officer, a class A misdemeanor. On December 12, 2011, appellant plead guilty to the offense and the matter was recessed for the completion of a pre-sentence investigation. When the matter was convened later that day, appellant failed to appear.[1] In appellant's absence, the court continued with the punishment hearing and assessed punishment of 270 days in jail and a $2,000 fine.

_____
[1]Appellant was out on bond.

Notice of appeal was filed by counsel for appellant. Subsequently, this court learned that appellant had absconded and his whereabouts were unknown. On March 7, 2012, this court notified, by letter, both the State and defense counsel to verify whether 1) appellant had escaped and 2) the appeal should be dismissed pursuant to Rule 42.4 of the Texas Rules of Appellate Procedure. The responses were due no later than March 9, 2012, at 5:00 p.m. No responses were ever received from either party. Therefore, the cause was abated back to the trial court to determine whether appellant had escaped and remained at large, the date of his escape, and the date of sentencing.

The trial court held a hearing on April 24, 2012, with counsel for both the State and appellant present. According to the record of that hearing, appellant escaped on December 12, 2011, was sentenced on the same date, and remains at large. Furthermore, the State represented that a warrant had been issued for appellant's arrest and the warrant was still outstanding. On May 4, 2012, the State filed a motion to dismiss based on appellant's escape from custody.

According to Rule 42.4, an appellate court "must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody. . . ." Here, the State has attached the affidavit of Mike Mitchell, the State's investigator. In the affidavit, Mitchell discloses that appellant was present during the hearing on his motion to suppress. The trial court denied the motion, and appellant entered an open plea of guilt. The court recessed until 1:00 p.m. on the same day, and appellant failed to appear at that time. The trial court continued with the punishment hearing and assessed appellant's

2

sentence on the same day.  A warrant was issued for appellant's arrest and a bond was set at $7,500.  According to Mitchell, appellant has not been arrested and remains at large.  Given this, and the fact that appellant has not voluntarily returned to lawful custody within the state, we conclude that appellant escaped from custody per Rule 42.4, which requires the dismissal of his appeal.

Accordingly, we dismiss the appeal.

Brian Quinn
Chief Justice

Do not publish.